DETERMINED IN THE

# THIRD DEPARTMENT

AT

## GENERAL TERM,

### September, 1890.

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
THE NEW YORK PHONOGRAPH COMPANY, APPEL-
LANT, *v.* FRANK RICE, SECRETARY OF STATE, RESPONDENT.

*Tax payable to the comptroller on the capital of a corporation, created by the consoli-
dation of two corporations, each of which has already paid such tax.*

Each of two corporations, incorporated under chapter 40 of the Laws of 1848,
paid the tax of one-eighth of one per cent upon its capital, as required by
chapter 143 of the Laws of 1886, as amended by chapter 284 of the Laws of
1887, and subsequently entered into an agreement for consolidation, under
chapter 960 of the Laws of 1867, into a corporation having a capital equal to
the aggregate of the capitals of the two corporations so consolidated, and with
a term of corporate existence the same as that of the corporation having the
shortest term;

*Held,* that the consolidated corporation, upon filing its articles of association with
the secretary of State, was properly required to pay a tax of one-eighth of one
per cent upon the amount of its capital.

APPEAL by the relator, the New York Phonograph Company,
from an order entered in the office of the clerk of the county of
Albany, upon a motion made at the Columbia Special Term, Sep-
tember 5, 1890, for a peremptory writ of *mandamus* to compel the
Secretary of State to file certain papers constituting the articles of
incorporation of the relator, without the payment of the tax required
by chapter 143 of the Laws of 1886, as amended by chapter 284 of

the Laws of 1887. By the order appealed from the motion for a peremptory writ of *mandamus* was denied.

*Noah Davis*, for the appellant.

*Isaac H. Maynard*, for the respondent.

LEARNED, P. J.:

Two corporations, the New York Phonograph Company and the Metropolitan Phonograph Company, were organized under the manufacturing act of 1848 and its amendments; the former for fifty years from October 4, 1888, the latter for fifty years from February 5, 1889. Each paid on its organization the tax of one-eighth of one per cent upon its capital pursuant to chapter 143 of the Laws of 1886. They entered into an agreement of consolidation in pursuance of chapter 960 of the Laws of 1867. The name of the company thus to be formed is The New York Phonograph Company; its capital is the same as the aggregate of the two consolidating companies; its term of existence fifty years from October 4, 1888.

The consolidating companies presented to the Secretary of State the requisite papers to be filed as provided by the statute. The Secretary refused to file them on the ground that the tax of one-eighth of one per cent on the capital of the company to be formed had not been paid.

This present proceeding is for a *mandamus* to compel the filing. The motion for a *mandamus* was denied by the Special Term and the relator appeals.

The question here involved arises under section 1, chapter 143, Laws of 1886, as amended by chapter 284 of the Laws of 1887. "Every corporation * * * incorporated ·by or under any general or special law of this State having capital stock divided into shares shall pay to the State treasurer for the use of the State a tax of one-eighth of one per centum," etc. There is no doubt that the corporation formed (or to be formed) by the aforesaid consolidation agreement has a capital stock divided into shares. Nor is there any doubt that it is incorporated (or to be incorporated) under a general law of the State. The right of the consolidated body to be a corporation comes from the law of the State permitting the consolidation. Without such law the two companies could not

488 PEOPLE ex rel. N. Y. PHONOGRAPH CO. v. RICE.

Third Department, September Term, 1890.

consolidate. And that law (chap. 960 of 1867), calling the consolidated body "the new company," specifies in section 4 the corporate powers it shall have. It is too plain for argument that without such law an agreement of consolidation would not create any body having corporate powers, but would be invalid. Hence it must be that the corporation is formed (or to be formed) under a general law of the State.

But it is urged that the two consolidating corporations were corporate bodies in full and vigorous life, entitled to their franchises which they had obtained from the State, and for which they had paid a tax, and that the new body is only a union of the two with no new corporate rights, and, therefore, liable to no new tax. It is true that the two consolidating bodies were corporations in full life, until they formed or should form the new corporation. Then they ceased (or will cease) to exist. It was for this very purpose that they executed the agreement; the purpose to end their own existence and to form a new person. Whenever they form the new corporation their own corporate existences cease. The new company is not a partnership of the two old companies. It is entirely a new corporation. (*Shields* v. *Ohio*, 95 U. S., 319; *Railroad* v. *Georgia*, 98 id., 359; *Railroad* v. *Maine*, 96 id., 499.)

The fifth section of the Consolidation Act expresses this where it says that "on the organization of such new company" * * * "all and singular the rights, franchises and interests of the said several corporations" * * * "shall be deemed to be transferred to and vested in such new corporation," * * * "and such new corporation shall hold and enjoy the same and all rights of property;" etc., * * * "in the same manner and to the same extent as if the said several corporations so consolidated should have continued to retain the title," etc. If there were not a new corporation, it would be unnecessary to declare that the rights and franchises of the consolidated corporations should be transferred to and vested in it. It is urged by the relator that by payment of the tax the consolidating companies purchased the right to be corporations, and, therefore, that they ought not to be compelled to purchase it again. But the payment of the tax is not the purchase of a right. Under our Constitution and laws corporate rights are not special concessions by the State; but they are general privileges in the power of all citi-

zens. And the tax is in no sense a purchase-price. The companies have no greater rights when they have paid the tax than they had before. The companies which have paid the tax have no greater rights than those have which were incorporated before 1886, and, therefore, paid no tax.

And this shows, further, that it is immaterial to the present inquiry whether or not the consolidating companies paid the tax. If these companies had been incorporated before 1886 and had entered into a similar agreement of consolidation, the legal question as to liability to this tax would be the same as in the present case. So, too, if one had been incorporated before and the other after 1886. The construction given to the law imposing the tax must be uniform. It cannot vary according as the consolidating companies have or have not been required to pay the tax.

In short, where the language of the statute is clear it is not for the court to say that a tax is unreasonable. It would have been easy for the legislature to insert in the Consolidation Act, or in the Act imposing this tax, a clause exempting from such tax any corporation of which the consolidating companies or one of them had already paid a similar tax. But that was not done; and it would be judicial legislation for us to construe the statute as if such a clause had been inserted. We have only to inquire what the legislature meant. And they must be held to have meant what they said. It is true that the relator presents a strong equity when it urges that the tax has already been paid on the same amount of capital employed in the same business and practically by the same parties. But we cannot yield to this equity in violation of the language of the statutes. There is nearly always something arbitrary and inequitable in taxes and tariffs which courts cannot remedy.

The order appealed from is affirmed, with fifty dollars costs and disbursements.

