(13 App. Div. 50.)

PEOPLE ex rel. CONSOLIDATED KANSAS CITY SMELTING & REFINING CO. v. SECRETARY OF STATE.

(Supreme Court, Appellate Division, Third Department. January 6, 1897.)

CORPORATIONS—EFFECT OF REINCORPORATION—ORGANIZATION TAX.

A new corporation is not created by reincorporation under Laws 1895, c. 671, § 1, providing that any corporation theretofore organized might incorporate under that act by a vote of a majority of its stock to that effect, and the filing of the same certificate of incorporation as is required on original incorporation, and that thereupon such corporation should be deemed a corporation organized under such act, exercising all the franchises and subject to all the liabilities that it theretofore had; and therefore a corporation so reincorporating is not liable to the organization tax on new corporations.

Appeal from special term, Albany county.

Application by the Consolidated Kansas City Smelting & Refining Company for a peremptory writ of mandamus against the secretary of state to compel him to file its certificate of reincorporation. From an order denying the application, relator appeals. Reversed.

The appellant, the Consolidated Kansas City Smelting & Refining Company, was incorporated in the year 1887, under the manufacturing act of 1848, the amount of its capital being $2,000,000. Since its incorporation, the company has, from time to time, in pursuance of the provisions of the act of 1848, increased its capital stock up to $4,500,000, on which it had paid to the state treasurer the sum of $5,625, as the organization tax required by chapter 143 of the Laws of 1886, and the acts amendatory thereof. Contemporaneously with the proceedings taken to accomplish the last increase of the company's capital stock from $3,500,000 to $4,500,000, proceedings were taken by the company under the business corporation law, for its reorganization as therein provided. Upon the completion of these proceedings, a certificate thereof, containing the prescribed statements, and in the prescribed form, was executed and tendered to the secretary of state for filing in his office. He refused to file the certificate so tendered, assigning, as his reason for such refusal, the failure of the company to pay to the state treasurer the organization tax of one-eighth of 1 per cent. The court below sustained the claim of the secretary of state, and directed the entry of an order denying the application of the relator for a writ of peremptory mandamus to compel the secretary of state to file the said certificate, and from such order this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Parsons, Shepard & Ogden (William E. Carnochan and Edward M. Shepard, of counsel), for appellant.

Theodore E. Hancock (C. D. B. Hasbrouck and W. S. Kisselburgh, Jr., of counsel), for respondent.

PUTNAM, J.　The appellant, in June, 1896, was a domestic corporation, under the manufacturing act of 1848, with a capital of $4,500,000.　Its certificate of incorporation provided:

"(1) The corporation name of the said company is to be 'Consolidated Kansas City Smelting and Refining Company.'

"(2) The objects for which the company is to be formed are to carry on the business of manufacturing silver, gold, lead, and other mineral ores into refined and reduced forms thereof, and, as part of such manufacture, to smelt and refine silver, lead, and other ores."

At that time, at a meeting of the stockholders of the company duly called, it was resolved by a majority thereof to reorganize under the provisions of chapter 691 of the Laws of 1892, known as the "Business Corporation Law."　As required by the provisions of said statute, the certificate therein prescribed was duly made, in which the name of the reorganized corporation, and the purpose for which it was formed or continued, were stated.　The reorganized corporation retained the same name as under its original charter, was formed or continued for the same purpose, with the same capital stock and stockholders, but was to so continue its business under changed regulations and conditions.

The question submitted to us is whether the reincorporation of the appellant under the business corporation law was the creation of a new corporation, as claimed by the learned attorney general, or, as urged by the appellant, merely the continuance of an existing corporation, with new powers and liabilities.　Unless a new corporation was created by its reorganization, it is not claimed that relator is liable to pay the organization tax in question.

Section 4, c. 691, Laws 1892, as amended by chapter 671, Laws 1895, provides as follows:

"Any stock corporation heretofore organized　*　*　*　may incorporate under this chapter in the following manner:　*　*　*　The stockholders shall meet *　*　*　and organize by choosing one of the directors chairman and a suitable secretary, and shall then take a vote of those present in person or by proxy upon the proposition to reincorporate under this chapter, and if votes representing a majority of all the stock of the corporation shall be cast in favor of the proposition, the officers of the meeting shall execute and acknowledge a certificate of the proceedings, which certificate shall also contain the statements required by section two of this chapter, and shall be filed in the offices where certificates of incorporation under this chapter are required to be filed.　From the time of such filing, such corporation shall be deemed to be a corporation organized under this chapter, and if originally organized or incorporated under a general law of this state, it shall have and exercise all such rights and franchises as it has heretofore had and exercised under the laws pursuant to which it was originally incorporated, and such reorganization shall not in any way affect, change or diminish the existing liabilities of the corporation."

It will be observed that a reincorporation under the provisions of section 4, above quoted, is a corporate act, not an act of the stockholders individually.　The language of the act is:　"Any stock corporation　*　*　*　may incorporate under this chapter.　*　*　*"　The act confers upon the stockholders power to effect the reincorporation for the corporation.　Although, ordinarily, the affairs of a corporation are managed by its directors, and the stockholders have no right to intermeddle therewith, yet the legislature may

confer power on stockholders to act for the corporation. For instance, under the manufacturing act of 1848, an increase of the capital stock of a company formed under that statute was a corporate act, although such increase was effected by a vote of a majority of the stockholders. Under the same act, a mortgage upon its real estate made by a corporation could only be authorized by a vote of two-thirds of the stockholders. Under section 8 of the business corporation law (chapter 691, Laws 1892), two or more corporations may be consolidated. This is a corporate act of the respective corporations, and yet such consolidation cannot be effected without the vote of a majority of the stockholders of each. So, an incorporation under the provisions of section 4, supra, is a corporate act, the legislature having conferred power on a majority of the stockholders to so incorporate, instead of upon the directors, who ordinarily act for the stockholders. A bare majority of the stockholders may reincorporate under the provisions of section 4, supra, against the wish and will of the minority. They may thus carry the capital and property of the existing company into the reorganized one, although a minority of the stockholders do not consent to that course. If the majority of the stockholders, in reorganizing under the provisions of the statute in question, were acting for themselves individually, and not for the corporation, under a power conferred on them by the act in question, it is difficult to see how they could transfer to the new company any other than their own individual interest in the existing corporation,—how they could transfer the corporate property of the company formed under the act of 1848 into a new corporation organized under the act of 1892.

As the reorganization by appellant under the provisions of section 4, supra, was a corporate act, we are of the opinion that such reorganization cannot be deemed the formation of a new corporation, but should be regarded as the continuation of the existing one. The act in question does not seem to contemplate, on a reorganization, the extinguishment of the existing company. It does not provide for the appointment of a receiver for the winding up of the affairs of the existing corporation, and the application of its property to the payment of its debts, the surplus to be divided among the stockholders. The reorganized company is to continue the same business, with the same capital and property, with the same stockholders, with the same powers, and subject to the same liabilities. The language of the act seems plain:

"From the time of such filing, such corporation shall be deemed to be a corporation organized under this chapter, and if originally organized or incorporated under a general law of this state, it shall have and exercise all rights and franchises as it has heretofore had and exercised under the laws pursuant to which it was originally incorporated, and such reorganization shall not in any way affect, change or diminish the existing liabilities of the incorporation."

The provision quoted very clearly indicates the legislative intent that the corporation shall not cease to exist on a reorganization. It seems to recognize its continued existence after reincorporation:

"From the time of such filing, such corporation [the corporation before re-
organization] shall be deemed to be a corporation organized under this chapter.
It [the corporation after reorganization] shall have and exercise all such rights
and franchises as it has heretofore had."

The situation may be deemed, in effect, as if the original charter
of the appellant had been amended by a special act of the legis-
lature, conferring new powers and imposing new obligations upon
it. Probably such an amendatory act might have been legally
passed by the legislature, notwithstanding the provisions of sec-
tion 1, art. 8, of the constitution of the state. Mayor, etc., of New
York v. Twenty-Third St. Ry. Co., 113 N. Y. 311, 21 N. E. 60;
Attorney General v. North American Life Ins. Co., 82 N. Y. 172;
Mosier v. Hilton, 15 Barb. 657–663. It would not be claimed that
a new corporation was formed by the amendment of its charter by
such an amendatory act. Under the provisions of section 4 of
the business corporation law, by its reorganization, the appellant
may be regarded as having, under a general act of the legislature,
procured an amendment of its charter. By the express provisions
of the statute in question, the reorganized company retained all
such rights and franchises as it had theretofore possessed under the
law under which it was originally incorporated, and organized sub-
ject to the same liabilities. The provisions of the act of 1848, un-
der which it was organized, therefore, continued to apply to the
reorganized corporation, although as reincorporated it continued to
act under changed conditions. The new corporation, which was
held in the case of People v. Cook, 110 N. Y. 443, 18 N. E. 113, to
be liable to pay the organization tax under the provisions of chap-
ter 143 of the Laws of 1886, was formed under the provisions of
chapter 430 of the Laws of 1874, as amended by chapter 446 of
the Laws of 1876. The said act contains no provisions similar to
those in the statute under consideration. A corporation formed
thereunder was composed of new stockholders, with a new capital,
and there was no provision therein for the continuation of the ex-
istence of the former corporation, as in section 4 of the business
corporation act.

Nor are the cases of People v. New York, C. & S. L. R. Co., 129
N. Y. 474, 29 N. E. 959, and People v. Rice (Sup.) 11 N. Y. Supp.
249, decisive of the questions submitted to us. These cases re-
ferred to the consolidation of two corporations. A reference to
the statute (chapter 917, Laws 1869) under which such consolida-
tion was effected will show a distinction between those authorities
and the case under consideration. By the terms of the statute in
question, a corporation formed by the consolidation of two com-
panies was a new corporation. A consolidation of two companies,
and the forming of another corporation therefrom, is very different
from the reorganization of a corporation under section 4 of the
business corporation law, with the same name, the same capital
and stockholders, for the same purposes, under an act which must
be deemed to contemplate the continued existence of such corpora-
tion under a new charter, and under somewhat changed conditions.

Now, by the provisions of chapter 668, Laws 1892, it is provided that, in case of the consolidation of two corporations into a new corporation, said new corporation shall be required to pay the organization tax required by chapter 143, Laws 1886, only upon the amount of its capital stock in excess of the aggregate amount of capital stock of said two corporations. It is not reasonable to suppose that it was the purpose of the legislature of 1892, while exempting a new corporation organized by the consolidation of two companies from the payment of the organization tax required by chapter 143 of the Laws of 1886, to impose that tax upon a single company reorganized in pursuance of the provisions of the business corporation law.

The order should be reversed, with costs and disbursements, and the motion granted, with costs. All concur.