# THE YAZOO AND MISSISSIPPI VALLEY RAILROAD COMPANY *v.* CITY OF VICKSBURG.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.

No. 97.　Argued February 28, 1908.—Decided April 6, 1908.

A corporation formed by the consolidation of several existing corporations is subject to the constitution and laws existing at th ·time of the consolidation in the same manner as all other corporations formed under the organic law of the State; and where the formation of the consolidated corporation is not imposed upon it, the constitution and laws in force become the law of its corporate being and if they prohibit the exemption of property of corporations from taxation such an exemption existing in favor of one of the constituent companies cannot be transferred to the consolidated corporation, and under such circumstances the exemption is not within the protection of the contract clause of the Constitution of the United States.

An exemption in favor of a Mississippi corporation granted by ordinance prior to 1890, *held,* not to inure to the benefit of a consolidated corporation, of which the exempted corporation was one of the constituent companies, organized after the adoption of the state constitution of 1890.

THE facts are stated in the opinion.

*Mr. Edward Mayes,* with whom *Mr. J. M. Dickinson* was on the brief, for appellant:

The provision of the act of 1884 is materially different from

the railroad charter provision which formed the subject of controversy in *Railroad Company* v. *Adams*, 77 Mississippi, 194, affirmed by this court, 180 U. S. 1. It does not fall within sec. 13, Art. 12 of the Mississippi constitution of 1869, nor within the decision of those cases, for the reason that it does not undertake to create an exemption such as is by them condemned.

The effect of the act of 1884, and its only effect as to this, is to empower the city of Vicksburg to contract for the location of the machine shops within its limits, and in and by such contract, if the municipal authorities should deem it to the interest of the city, to extend as a consideration, an exemption from municipal taxation. But such exemption, when extended, was to be and could only be, the act of the city, and not the act of the legislature. The exemption is conditioned upon and only exists so long as the shops are maintained upon the property.

It was not by the legislature designed to be, and it was not, the grant of an exemption to the railroad company, but it was the grant of a certain power to the city. In fact nothing was thereby granted to the company; because as to this, the company itself, and for its own part, had already the power to make such a contract.

The contract of 1884 was validly made under the act of 1884, a constitutional law; and it therefore was beyond the power of the State to repeal, by either statute or constitution. The recognition of this proposition pervaded the entire litigation in the *Mississippi tax cases* reported in 77 Mississippi, and 180 U. S., the entire controversy in them being either that the exemption was void *ab initio* because of the constitution of 1869, or else that it was lost by the consolidation of 1892, which created a new company, subject in all things to the constitution of 1890 and the code of 1892; in short, an abandonment voluntarily made.

The contract was made under the law; and whatever might be the losses of the railroad companies, in a general way, by

the consolidation of 1892 under the constitution of 1890, this particular exemption was not lost. It became, in 1884, a concrete, vested contract right, acquired on and for a valuable consideration; and as such, it was protected by the contract clause of the Federal Constitution, and also by the Fourteenth Amendment, against subsequent state action. In this instance the right of the old company to transmit the exemption by consolidation, and the power of the consolidated company to take the exemption, were both specifically contracted for in the year 1884. Even a reserved power to amend a charter could not lead to this result here claimed. *Stearns* v. *Minnesota*, 179 U. S. 223; *Railroad Company* v. *County*, 179 U. S. 302; *Smelting Company* v. *Colorado*, 204 U. S. 103.

*Mr. Hannis Taylor*, with whom *Mr. George Anderson* was on the brief, for appellees.

MR. JUSTICE DAY delivered the opinion of the court.

The case originated in a bill in equity filed by the Yazoo and Mississippi Valley Railroad Company against the Mayor and Aldermen of the city of Vicksburg, to enjoin the collection of certain municipal taxes on the property of the railroad company assessed for the year 1901.

The bill was demurred to; the court below sustained the demurrer and rendered a final decree dismissing the bill. The case involving constitutional questions, was appealed directly to this court.

The allegations of the bill show that on February 22, 1884, the legislature of Mississippi passed an act authorizing the city of Vicksburg to enter into a contract with the Memphis and Vicksburg Railway Company, of which the following is the pertinent section:

"That the city of Vicksburg, through its Board of Mayor and Aldermen, and the Memphis and Vicksburg Railroad Company, or such other railroad as said Memphis and Vicks-

burg Railroad Company may hereafter become merged into, or a part of, by consolidation or otherwise, be and are hereby respectively authorized and empowered to enter into such contract or contracts with each other relative to the location and maintaining at such city of the machine shops of said railroad company, as they may mutually agree upon, together with such limitation, conditions, privileges, immunities, exemptions from city taxation, settlement of all claims . . . and such other things as may be decided and mutually agreed on between said city of Vicksburg and said railroad company," etc.

Under this authority, on August 11, 1885, a contract was made with the Louisville, New Orleans and Texas Railway Company, one of whose constituent companies was the Memphis and Vicksburg Railroad Company, named in the act above set forth. The pertinent parts of that contract are as follows:

"Second. Said city agrees to and does hereby exempt from all municipal taxation for a period of ninety-nine years all of the property used or which shall or may be used for tracks, switches, depots, machine shops, rolling stock, and any and all other railway purposes (except only buildings for residences or stores) of the Louisville, New Orleans and Texas Railway Company or of its successors, or of any company into which it may from time to time be merged by consolidation or otherwise, or of any company which, upon foreclosure or reorganization, may become the owners of its line of railroad within said city.

"Sixth. The general or main building, repairing and machine shops of the Louisville, New Orleans and Texas Railway Company, or its successors, [shall be] located and shall be permanently kept and maintained within the present limits of the city of Vicksburg, north of Fairground street, and any failure so to do shall forfeit to the city all lands granted to said railway company by the city, and all lands purchased by said railway company for and on which to locate said shops

as hereinafter in this section prescribed, and shall also annul and forfeit all the privileges and immunities granted by this contract, including the right to locate and keep its freight depot south of Clay street," etc.

The railway company, it is averred, complied with the act and now insists upon its exemption from taxation.

The complainant, the Yazoo and Mississippi Valley Railroad Company, consolidated, on October 24, 1892, with the Louisville, New Orleans and Texas Railway Company, and in this consolidation undertook to acquire for the appellant the exemption from taxation under the contract of August 11, 1885, hereinbefore referred to.

The learned counsel for the appellant concedes that unless this case can be distinguished in principle from *Yazoo & Mississippi Valley Railway Company* v. *Adams*, 180 U. S. 1, the decree of the Circuit Court must be affirmed.

The *Adams case* came here on writ of error to review the judgment of the Supreme Court of Mississippi in the same case. 77 Mississippi, 194. The Mississippi court, whose judgment was affirmed in this court, held that a grant of exemption from taxation to a railroad company was void under the constitution of 1869 of that State, and that the organization of a consolidated company under the constitution of 1890 cut off an exemption from taxation granted to a constituent company prior to the adoption of that constitution. This judgment was affirmed, as we have said, in this court which, speaking by Mr. Justice Brown, held that the consolidation of October 24, 1892, created a new corporation, and that while it might be true that the exemption in question would pass to the consolidated company by the terms of the legislation under review, yet when the constitutional provision of 1890 took effect the consolidated corporation, organized under that constitution, was no longer entitled to the exemption. That constitution contained certain clauses which were then under review, as follows:

"Sec. 180. All existing charters or grants of corporate

franchises under which organizations have not in good faith taken place at the adoption of this constitution, shall be subject to the provisions of this article," etc.

"Sec. 181. The property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent, as property of individuals, etc. Exemptions from taxation, to which corporations are legally entitled at the adoption of this constitution, shall remain in full force and effect for the time of such exemptions as expressed in their respective charters, or by general laws, unless sooner repealed by the legislature."

This court held that even if the legislature, in the several acts of consolidation, had expressly provided that the new corporation should be exempted from taxation, such laws would be nullified by the provision of the constitution of 1890, requiring that the property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of individuals.

Conceding the force of the decision in the *Adams case*, the learned counsel for the railroad company undertakes to differentiate that case from this upon the ground that the legislation of the State of Mississippi (act of February 22, 1884) authorized a contract to be made with the railroad company for an exemption from taxation upon valuable considerations to be performed by the company, and that the grant in the *Adams case* was a mere legislative exemption from taxation; and the counsel insists that the validity of such legislation as is now under consideration has been sustained by the Supreme Court of Mississippi in a case decided by that court after its decision in *Railroad Company* v. *Adams*, 77 Mississippi, in the case of *Adams* v. *Tombigbee Mills*, 78 Mississippi, 676, in which an act of the legislature granting an exemption to certain factories for the manufacture of cotton or woolen goods, etc., for a period of six years from the completion of the factory, was sustained. But an examination of the opinion in that case convinces us that the Mississippi court had no intention to

depart from its ruling in the case in 77 Mississippi, for that case is expressly distinguished in the opinion, and, among other things in the course of the opinion, the court says:

"This appellee never lost its exemption by consolidating with any other corporation. It has always retained 'the precise corporate existence' it originally had. Its exemption was therefore continued by section 181 of the constitution of 1890, subject to legislative repeal, but it has never been repealed." 78 Mississippi, 692.

And again, on page 693:

"But a very different state of case existed, as already pointed out, as to the exemption denied in *Yazoo &c. R. R. Co.* v. *Adams*, 77 Mississippi, 194."

We think a reading of the opinion makes it clear that the Supreme Court of Mississippi differentiated the cases, and did not intend to depart from its ruling in the former case when similar circumstances were brought to its attention.

Apart from the ruling of the Mississippi court, we think it is entirely clear that the effect of organizing the consolidated corporation after the adoption of the Mississippi constitution of 1890 was to bring the new corporation within the terms and limitations of that constitution, which prohibited exemption of corporate property from taxation. The exemption to the former constituent company could not inure to the consolidated company without, in effect, ignoring the constitutional provision.

This subject was before this court and fully considered in the recent case of *Rochester Railway Company* v. *Rochester*, 205 U. S. 236, wherein it was held that where a corporation was incorporated under a general act creating certain obligations, it could not receive by transfer from another company an exemption inconsistent with its own charter or the constitution and laws of the State then applicable, and this even though the legislative authority undertook to transfer the exemption by words which clearly included it.

In that case previous decisions of this court are collated

on page 254. The court, speaking by Mr. Justice Moody, said:

"The principle governing these decisions, so plain that it needs no reasoning to support it, is that those who seek and obtain the benefit of a charter of incorporation must take the benefit under the conditions and with the burdens prescribed by the law then in force, whether written in the Constitution, in general laws or in the charter itself."

The formation of the consolidated company was not imposed upon the complainant; it had the privilege of standing upon such rights as it had by contract or otherwise under the former legislation in force before the adoption of the new constitution. When it saw fit to enter into the consolidation and form a new corporation in 1892 the constitution then in force in the State became the law of its corporate being, and the requirement that corporate property should not be exempt from taxation then became binding upon it, as upon all other corporations formed under the new organic law.

We find no error in the judgment of the Circuit Court for the Southern District of Mississippi, and the same is

*Affirmed.*