406    APPELLATE COURT OF INDIANA,

Trustees of Presbyterian Church v. Katsianis—78 Ind. App. 406.

---

TRUSTEES OF THE PRESBYTERIAN CHURCH OF LAPORTE, INDIANA, *v.* KATSIANIS ET AL.

[No. 10,948. Filed March 8, 1922. Rehearing denied June 21, 1922.]

1. CHARITIES.— *Devise to Church.— Lapse.— Consolidation of Devisee Church with Other Church.— Statutes.—* Where testator, who died before the enactment of §§4474-4476 Burns 1914, Acts 1897 p. 273, devised property to the trustees of a designated church "and their successors in office" in trust for the use and benefit of the church, and, prior to testator's death, the devisee church consolidated with another church pursuant to the provisions of §§4454-4460 Burns 1914, §3597 R. S. 1881, and a new church organization was created to which both churches conveyed their realty and personal property, the devisee church ceased to exist after the consolidation and the devise lapsed, the trustees of the new organization not being the "successors in office" of the devisees. p. 409.

2. CHARITIES.— *Charitable Devise.— Death of Testator before Enactment of Statutes as to Trusts.—*Sections 4474-4476 Burns 1914, Acts 1897 p. 273, as to consolidation of church associations, has no application to a trust provided for by the will of a testator who died before their enactment. p. 411.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Nick Katsianis and another against the Trustees of the Presbyterian Church of Laporte, Indi-

ana, a corporation.   From a judgment for plaintiffs, the defendant appeals.   *Affirmed.*

*Frank E. Osborn, Lee L. Osborn, Kenneth D. Osborn, Alfred J. Link* and *Ben C. Rees,* for appellant.

*Earl Rowley* and *Lemuel Darrow,* for appellees.

McMAHAN, J.—Complaint by appellees against appellant to quiet title to certain real estate in Laporte county.   From a decree in favor of appellees, appellant appeals, and contends that the court erred in overruling its motion for a new trial.

The facts in this case are undisputed and are in substance as follows:   Abraham J. Westervelt, former owner of the real estate in question and through whom both parties claim title, executed his will in January, 1869.   His wife Mary F. was then living.   They had but two children, Andrew J. and Mary Isabella, both then living.   No other child or children were ever born to said testator or his wife.   The wife died in 1886, and the testator in 1888.   Said will was probated in 1888 in Laporte county where the testator lived from the time of the execution of the will until his death.   Neither of said children ever married or had issue.   Andrew J. died intestate in 1910.   Mary Isabella died in 1919, having prior thereto conveyed the real estate in question to appellees by a warranty deed.

Appellant claims title through item 4 of said will which read as follows:

"Fourth:   In case of the death of my wife Mary F. and of Andrew J. my son and Mary Isabella my daughter without issue, whatever of the Estate whether Real or Personal or mixed, I hereby give and bequeath the same to the Trustees of the Second Presbyterian Church of Laporte, Indiana, and their successors in office in Trust for the use and benefit of said Church, the proceeds of such estate after paying all necessary expenses in keeping the same in repair in paying taxes and insurance and

.408    APPELLATE COURT OF INDIANA,

Trustees of Presbyterian Church v. Katsianis—78 Ind. App. 406.

all other necessary expenses, the net proceeds shall be applied as follows, one half to be paid to the support of the Pastor of said Church, and the other half shall be applied by said Trustees to the purchase and payment of the annual Rental of good comfortable Pews, in the Church edifice for the use and benefit of the Poor people who may wish to attend said Church for the worship of God."

At the time of the execution of this will there were in existence at Laporte two religious organizations, one known as "The First Presbyterian Church of Laporte Indiana" and the other "The Second Presbyterian Church of Laporte Indiana." In the latter part of 1871, and the first part of 1872, said organizations were consolidated in accordance with the laws of this state into a new organization under the name of "The Presbyterian Church of Laporte Indiana," said consolidated church being named as defendant in this cause under the name of "The Trustees of The Presbyterian Church of Laporte Indiana." After the filing and recording of the certificate of consolidation in the recorder's office, the trustees of said Second Presbyterian church executed a deed conveying all lands then owned by it to the trustees of the new church and also delivered to the trustees of said new church all articles of personal property belonging to said old church, as required by §4457 Burns 1914, §3600 R. S. 1881.

Appellant claims the title to the real estate through item four of said will heretofore set out. Appellees contend that since the First and Second Presbyterian churches consolidated and formed a new corporation under the name of "The Presbyterian Church of Laporte Indiana" and since said First and Second Presbyterian churches conveyed all their property to the new organization, that the Second Presbyterian church named in said will of Abraham J. Westervelt ceased to exist, and that the legacy to it lapsed.

The proceedings taken by said churches for consolidation were in accordance with §§4454-4460 Burns 1914, §3597 *et seq.* R. S. 1881. Section 4458 Burns 1914, §3601 R. S. 1881, provides as follows:

"So soon as the trustees of said old churches shall have made said conveyance of the lands and delivery of the personal property, as aforesaid, to said trustees of the new church, said old churches, from and after that time, shall cease to exist, and all rights, powers, privileges, and liabilities belonging thereto shall, from and after that time, vest in and attach to the new church, so organized as aforesaid, with full power to the trustees thereof to sue and be sued, the same as the trustees of the old churches could before they ceased to exist."

If appellees are correct in their contention that the devise in item 4 of the will lapsed upon the consolidation of the two old churches and the formation

1. of the new church, this appeal must be affirmed, and it will not be necessary for us to consider any other questions.

In *McMahan* v. *Morrison* (1861), 16 Ind. 172, 79 Am. Dec. 418, the court, in discussing the effect a consolidation had upon the old corporations, said: "As the Legislature, by an act, had given its consent to such consolidation, the effect of it, under the act and terms of consolidation, was a dissolution of the three corporations named, and, at the same instant, the creation of a new corporation, * * *." To the same effect see *Norton* v. *Union Traction Co.* (1915), 183 Ind. 666, 681, 110 N. E. 113, Ann. Cas. 1918A 156n. And in *Ramsey* v. *Hicks* (1909), 44 Ind. App. 490, 511, 87 N. E. 1091, 89 N. E. 597, it is said: "A consolidation takes place when both companies are extinguished and a new one created, taking over the holdings of those passing out of existence." A recent author in discussing this subject said: "Rightly understood, there can never be a consolidation

of corporations except where the constituent companies cease to exist as separate entities, and a new corporation with the property and the assets of the old companies comes into being." 10 Fletcher, Cyclopedia Corp. §4700. To the same effect, see *Collinsville Nat. Bank* v. *Esau* (1918), (Okla.) 176 Pac. 514; *Minneapolis, etc., R. Co.* v. *Gardner* (1900), 177 U. S. 332, 20 Sup. Ct. 656, 44 L. Ed. 793; *Keokuk, etc., R. Co.* v. *Missouri* (1894), 152 U. S. 301, 14 Sup. Ct. 592, 38 L. Ed. 450; *Atlantic, etc., R. Co.* v. *Georgia* (1878), 98 U. S. 359, 25 L. Ed. 185; *Yazoo, etc., R. Co.* v. *Vicksburg* (1908), 209 U. S. 358, 28 Sup. Ct. 510, 52 L. Ed. 833; *People, ex rel.* v. *Rice* (1890), 57 Hun. 486, 11 N. Y. Supp. 249; *Chicago Title & Trust Co.* v. *Zinser* (1914), 264 Ill. 31, 105 N. E. 718, Ann. Cas. 1915D 931; *Day* v. *Worcester, etc., R. Co.* (1890), 151 Mass. 302, 23 N. E. 824.

The question now under consideration arose in *Gladding* v. *St. Matthew's Church* (1904), 25 R. I. 628, 57 Atl. 860, 65 L. R. A. 225, 105 Am. St. 904, 1 Ann. Cas. 537, upon facts exactly similar to the facts in this case. In discussing the legal effect of the consolidation of the church named in a will with another church the court said:

"This consolidation was made before the death of the testatrix, and unless the legatee was in being at the time of the death the legacy never vested, and it never acquired any rights to transmit to a successor. What, then, was the legal effect of the consolidation of St. Ann's Church and St. Matthew's Church upon the corporate existence of the original bodies? 'These corporations were creatures of the laws of the State of New York; they originated and continued by virtue of those laws, and the question must be determined by reference to the law under which they existed.'" After discussing and quoting from the statute under which the consolidation was made, the court continuing, said "This statute

provides for the creation of a new corporation, and the transfer to it of the membership, property, rights, and obligations of the former corporations. We do not see how a corporation can be held to exist in law after the power which has created it has taken from it all its membership, property, and powers,—everything which constituted its legal personality."

Appellant contends that the "Trustees of the Presbyterian Church of Laporte" are the "successor in office" of the trustees of the Second Presbyterian church. This contention cannot, in our judgment, prevail. The devise was to the "Trustees of the Second Presbyterian Church of Laporte, Indiana, and their successors in office in Trust for the use and benefit of said Church." Under §4458 Burns 1914, *supra,* and the authorities heretofore cited, it is clear that the Second Presbyterian church ceased to exist when the necessary steps had been taken to consolidate with the First Presbyterian church and the real estate and personal property had been conveyed and delivered to the new organization. Having ceased to exist, there could be no trustees of said church nor could there be any successors in office to said trustees. Sections 4474-4476 Burns 1914, Acts 1897 p. 273, are of no controlling influence since they were not enacted until many years after the death of testator. *Diocese of East Carolina* v. *Diocese of North Carolina* (1889), 102 N. C. 442, 9 S. E. 310, 3 L. R. A. 626, cited by appellant is not in point.

There was no error in overruling the motion for a new trial.

Judgment affirmed.