## FULTON *v.* CAREY.

A husband, holding lands in trust for his wife, cannot, after her death, make a valid sale thereof: and a decree against him to enforce an agreement on his part to convey the same is erroneous.

*Monday,*
*October* 11.

APPEAL from the *Delaware* Circuit Court.

HANNA, J.—This was an action commenced by *Carey*, assignee of one *Foreacre*, to compel a specific performance of a written contract for the sale of lands.

The facts, as shown by the pleadings, appear to be that one *Drum*, who was the father of the wife of *Fulton*, during his lifetime, by parol, divided his lands among his eight children; and by that division two certain forty-acre tracts in *Delaware* county were set apart to Mrs. *Fulton*. He died before he had executed deeds. His children were in possession of their respective portions, as allotted to them by him, and had made improvements thereon. After his death his heirs, other than the wife of said *Fulton*, without ony other consideration, joined in a quitclaim deed to *Fulton* and wife, in which they attempted to release any interest they had in said forty-acre tracts of land, but therein misdescribed one of the forty-acre tracts. The deed was made without the knowledge of *Fulton* and wife, but was afterwards accepted by them for her use, as is alleged in the answer, and so far as defendant is concerned, to be held in trust for her. The wife of *Fulton* died in 1849, leaving children, and afterwards he executed the title-bond upon which suit is brought.

These facts are shown by the answer, to which a demurrer was sustained.

The principal question is, whether, under this state of facts, *Fulton* had the power to sell and convey said lands. Upon sustaining the demurrer to the answer, the Court decreed a specific performance in such manner, and on such terms, as shows it was upon the supposition that *Fulton* and his wife received as joint tenants, and he held as her survivor.

It is reasonable to presume that the division made by the elder *Drum* in his lifetime, was, by his children, regarded as fair and equitable, or they would not have attempted to sustain it by making deeds, &c.

If it was equitable, we think that, after the death of the ancestor, *Fulton* and wife might have maintained such proceedings, as might have been necessary, against the other heirs, to have perfected their title, if those others had refused to convey. If this was the equitable right of Mrs. *Fulton* at the time they accepted the deed from the other heirs, the question is, whether such acceptance could be, as alleged, made for her use; and whether it operated as anything more than a written confirmation, by the heirs, of the parol partition made by the ancestor in his lifetime. We think that such is the light in which it should be viewed. That the gift to Mrs. *Fulton*—possession taken—improvements made—added to the presumed equitable distribution made by *William Drum*—were sufficient to entitle her to have maintained her action to complete the title; and that the deed made by the other heirs merely avoided the necessity of such action, and confirmed her in her right. The demurrer admits that so far as the name of the defendant occurs in the deed, he held in trust for her. The decree declaring that the title was vested in *Fulton* at the death of his wife, &c., is wrong.

*Per Curiam.*—The judgment is reversed with costs.

*W. March*, for the appellant.

*T. J. Sample*, for the appellee.