ELLEN M. FRENCH, executrix, *vs.* NELLIE M. HEYWOOD
& others.

Suffolk.    March 18, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Devise and Legacy,* Lapse.    *Power.*

A testator devised a certain house and lot of land to a trustee for the use and benefit
of a married woman and directed that the trustee should allow the beneficiary
to occupy or to lease the property and to receive the rents and income thereof,
that he should sell or mortgage or otherwise dispose of the property as the
beneficiary might direct and should allow her to take the proceeds to her own
use, that he should convey the property to the beneficiary on the death of her
husband and that, if it was not conveyed to her during her lifetime, he should
convey it to such person or persons as she by will might appoint and, in default
of appointment, to her heirs.    The provision of the will closed with the words,
"It being my intention hereby to secure said house and lot of land to the sole
use and benefit of said . . . [married woman,] . . . and free from the con-
trol or interference of her present or any future husband."    The married
woman died testate before the testator.    *Held,* that the devise was intended
to be for the sole benefit of the married woman, and, therefore, upon her
death before that of the testator, the devise lapsed; and that her will could
not operate as an exercise of the power given in the devise, because she never
became the donee of the power.

MORTON, J.   This is a bill for instructions in regard to the con-
struction of the first clause of the fifth codicil of the will of Mary
J. Heywood.   The clause is as follows: "First: I hereby revoke
and cancel the third and fourth codicils to my said last will and
testament, and all legacies given in said codicils to Harriet Cud-
worth, who is sometimes called Harriet C. Cudworth, and in
place thereof, I give, devise and bequeath the dwelling house
and lot of land now owned and occupied by me being the estate
numbered twenty-five (25) on Carmel street, in Chelsea, in the
County of Suffolk to Delano W. Braman of Boston, Mass. as
trustee, his successors, heirs, executors and administrators, in
trust for the use and benefit of said Harriet Cudworth, in the
manner herein provided, namely: first, to allow said Harriet Cud-
worth to use and occupy free of rent, or to lease and rent said
house and lot of land and to collect, take and receive the rents
and income to her own sole use and benefit during her life or

until the decease of her present husband; second, to sell and convey or mortgage or otherwise to dispose of said house and lot of land in such manner and for such price or sum of money as said Harriet Cudworth may at any time order, direct or assent to, such order, direction or assent being evidenced by her joining with said trustee or with any trustee for the time being hereunder in the deed, mortgage or other conveyance thereof, the proceeds of any such sale, deed, mortgage or other conveyance to be paid over and given to her, said Harriet Cudworth, to her own sole use and benefit and free from the control or interference of her present or any future husband, and no purchaser, grantee or mortgagee from said trustee or any trustee hereunder and said Harriet Cudworth in the manner herein provided shall be answerable for the application of the said proceeds, third, upon the decease of the present husband of said Harriet Cudworth, to convey upon her request said house and lot of land to her and her heirs and assigns in fee, and free and discharged of all trusts; fourth, in case said house and lot of land are not conveyed to said Harriet Cudworth, during her lifetime in the manner above provided, then upon her decease to convey the same free and discharged of all trusts to such person or persons as she, said Harriet Cudworth shall designate or appoint to take the same by her last will and testament and in default of such last will and testament to her heirs at law in the same manner and proportions as if they, said heirs, had inherited the same from her, said Harriet Cudworth. It being my intention hereby to secure said house and lot of land to the sole use and benefit of said Harriet Cudworth, and free from the control or interference of her present or any future husband."

Harriet Cudworth died before the testatrix, leaving no issue and as her only heir at law the respondent Abbie Washburn, a sister of the half blood. Her husband died before she did, and she did not marry again. Delano W. Braman named as trustee is still living, but never has been appointed trustee and never has petitioned to be appointed. The house and lot 25 Carmel Street has not been disposed of and the other assets of the estate of said Heywood were sufficient for the payment of all debts, charges and legacies. Harriet Cudworth left a will which has been duly proved and allowed, in which she bequeathed and de-

vised to Delano W. Braman all her property real and personal except $100, which she gave to her sister "Abby Washbourn."

The case comes here on reservation and report by a single justice,* "such decree to be entered as equity and justice may require."

The questions are first, whether the legacy lapsed by the death of Harriet Cudworth; secondly, if it did not, whether her will operated as an execution of the power to convey the property to Braman; and thirdly, whether if neither of these two alternatives. applies there was a gift over according to the true construction of the clause, to the heirs of Harriet Cudworth.

The single justice who heard the case ruled that the legacy lapsed and that the property fell into the rest and residue and passed under the residuary clause in the will.

We think that the ruling was right. It is plain, it seems to us, that the house and lot were intended for the benefit of Harriet Cudworth and for her alone, and that unless she survived the testatrix the legacy did not take effect. It is given to Braman, not for himself but "in trust for the use and benefit of said Harriet Cudworth in the manner herein provided." Then follow provisions directing the trustee to allow her to occupy or to lease the premises and receive the rents and income thereof; to sell or mortgage or otherwise dispose of them as she may direct and to allow her to take the proceeds to her own use; to convey the same to her at the death of her husband; and if the house and lot are not conveyed to her during her lifetime then to convey the same to such person or persons as she may by will appoint, and in default thereof to her heirs. The clause concludes with the words: "It being my intention hereby to secure said house and lot of land to the sole use and benefit of said Harriet Cudworth, and free from the control or interference of her present or future husband." Manifestly we think Harriet Cudworth was intended to be the sole beneficiary. The gift over to her heirs provides for the descent of the property as her property on the assumption that the entire beneficial interest had vested in her and that she had failed to dispose of the property as provided, and it was rendered necessary by the fact that the legal title was in a trustee.

---

* *De Courcy,* J.

The trusteeship was a device resorted to to keep the property free from the interference or control of Mrs. Cudworth's husband, and did not prevent the legacy from lapsing on her death. *Paine* v. *Prentiss*, 5 Met. 396. As to the power of appointment, the legacy not having vested in Mrs. Cudworth, there was nothing for the power, if she had known of it and had attempted to exercise it, to take effect upon. *Marlborough* v. *Godolphin*, 2 Ves. Sen. 61, 77. But at the time of her death she had not become the donee of the power and therefore could not exercise it. *Jones* v. *Southall*, 32 Beav. 31, 38. Unless she survived Mrs. Heywood it is difficult to see how she could become the donee of a power created by the latter's will.

It follows from what we have said that the house and lot pass under the residuary clause in accordance with the terms thereof to such of the legatees named therein as were living at the death of the testatrix.

*Decree accordingly.*

The case was submitted on briefs.

*E. H. Fletcher,* for the defendant Abbie Washburn.

*C. C. Hagerty,* for the defendant Delano W. Braman.

*G. B. Hayward,* for residuary devisees.