HANCOCK, TRUSTEE, ET AL. *v.* MAYNARD ET AL.

[No. 19,275. Filed March 9, 1920.]

1. PARTITION.—*Partition of Decedent's Realty.—Jurisdiction.—Superior Court.—Statute.*—The superior court has jurisdiction of a civil action for the partition of a decedent's real estate and to quiet title thereto, in view of §1502 Burns 1914, Acts 1895 p. 52, providing that such court shall have original and concurrent jurisdiction with the circuit court in all civil cases. p. 669.

2. PARTITION.—*Decedent's Realty.—Right of Heirs to Petition.—Decedent's Debts.*—The fact that decedent's real estate may be subject to sale for the payment of his debts does not affect the rights of heirs as tenants in common to maintain partition, since the partition may be made subject to the right of sale for the payment of debts. p. 670.

3. WILLS.—*Construction.—Partial Intestacy.—Presumption.*—The law does not favor and will avoid, whenever possible, partial intestacy, the presumption being that the testator, having his attention upon the entire estate, intended to make disposition of the whole, and that he did make such disposition thereof. p. 671.

4. WILLS.—*Construction.—Disposition of Property.*—The law favors the construction of a will that disposes of the property devised in the manner in which the law would have disposed

of it had deceased died intestate. p. 671.

5. WILLS.—*Construction.—Ambiguities.*—In the construction of a will which is. in any way ambiguous, all of the circumstances surrounding the parties and the estate may be taken into consideration in determining the real intention of the testator. p. 672.

6. TRUSTS.—*Title of Trustee.—Extent and Duration of Trust.— Testamentary Trust.*—The trustee under a testamentary trust takes only so much of the legal estate as is necessary for the carrying out of the trust; and, where one is holding lands in trust for a beneficiary at the death of such beneficiary the trust ceases, and the title, as between the trustee and the beneficiary and his heirs, is no longer vested in the trustee. p. 676.

7. WILLS.—*Testamentary Trust.—Termination.—Vesting of Fee.*— Where testatrix by her will created a trust for the benefit of her husband under which he was given full control and management of the trust property, with the further direction that the trust should terminate on a given date, at which time the trustee was directed to convey the real estate involved to the beneficiary, who was given full power to dispose of the same, but that upon his demand prior to such date the land was to be conveyed to him by the trustee, the trustee took only such title as was necessary to carry out the terms of the trust, with the legal title in the husband, and upon his death, prior to the date fixed for the termination of the trust and without his having made demand for the conveyance of such realty to himself, the legal as well as the equitable title descended to his heirs. p. 678.

From Madison Superior Court; *Willis S. Ellis,* Judge.

Action by Annon Wesley Maynard and others against Alvis F. Hancock, trustee, and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Francis A. Walker* and *Kittinger & Diven,* for appellants.

*Alfred Ellison* and *Bagot & Free,* for appellees.

NICHOLS, C. J.—This action by appellees against appellants was for the partition of, and to quiet title

to, the real estate involved, basing the title of appellees upon the will of Martha J. Maynard, deceased. The appellees and one of the defendants below are the collateral heirs at law of Jacob Maynard, the surviving husband of Martha J. Maynard, deceased, and the appellants are the collateral heirs at law of Martha J. Maynard, deceased. Said Martha J. Maynard died testate in 1913, the owner of 160 acres of land and other property in Madison county, Indiana. She left no descendants, but did leave a husband, the said Jacob Maynard. She also left brothers and descendants of deceased sisters who claim to be her collateral heirs, and as such the owners in fee of said real estate, the same not having been disposed of as provided by the will of said Martha J. Maynard.

There was a special appearance to the amended complaint, and a plea in abatement filed by appellant Alvis F. Hancock, as trustee, also a special appearance by the other appellants, including Alvis F. Hancock personally, and a like plea in abatement filed by them. Such pleas in abatement were amended and a demurrer for want of facts was filed to each of the same as amended, which said demurrer was sustained. Appellants then answered the amended complaint by a general denial. There was a trial and a finding of the court in favor of the appellees that they were the owners of said real estate and for partition between them, and a finding that the trustee and administrator had no interest in the real estate, except such right as might arise to sell the same to pay debts of the estate of said Martha J. Maynard, deceased, or of Jacob Maynard, deceased, in case such necessity should arise. There was a motion for a new trial, which was overruled,

and judgment rendered for appellees to the effect that they were the owners of said real estate subject to the right of the said trustee to sell the same for payment of debts, and that they were entitled to the partition thereof. Appellants now prosecute this appeal, assigning as errors that are properly presented the ruling of the court in sustaining the demurrer to each of the pleas in abatement, and in overruling the motion for a new trial. The amended complaint avers that the appellees are the owners in fee simple as tenants in common of the real estate involved, the respective interest of each owner being set out in the complaint, and that such owners are entitled to partition. There is an averment that Ira Williams, administrator of the estate of Jacob Maynard, deceased, is made a party defendant for the reason that he may, as such administrator, be required to answer as to any interest he may have as such. Appellants are all made defendants in such complaint for the reason that they claim and assert some right or title in said real estate, said claims being without right and wholly unfounded, and casting a cloud upon appellees' titles.

The amended pleas in abatement aver in substance as follows: On April 30, 1913, and for a long time prior thereto and continuously thereafter up to and including August 6, 1913, Martha J. Maynard was the owner in fee simple and in possession of the real estate involved, and that she was the owner and in possession thereof until the date of her death. On April 30, 1913, she executed her last will and testament, which was made a part of the complaint, by the terms of which, after providing for the payment of her just debts, she devised by item 2 the fee simple,

in remainder, after the death of her husband, of certain real estate to the appellants, children of Kaziah Redwine, a deceased sister; by item 3 she devised the fee simple, in remainder after the death of her husband, of certain other real estate to appellants, the children of Katherine Braskett, another deceased sister; by item 4 she devised the fee simple, in remainder after the death of her husband, of certain real estate to appellant, her brother, Prior L. Hancock; by item 5 she devised the fee simple, in remainder after the death of her husband, of certain other real estate, to her brother, appellant Alvis F. Hancock. After these specific devises, she then devised and bequeathed by item 6 all the remainder of her property, real and personal, to her brother, Alvis F. Hancock, as trustee, to be held by him in trust for the uses and purposes therein set forth, directing and empowering him to pay the indebtedness of her estate from the rents and profits of the real estate; to keep as much of her personal property as might to him seem best for the management of the farm and comfort of her husband; to renew from time to time any debts against the estate, and to secure the same by mortgage or mortgages on the real estate involved; to make new loans from time to time, if necessary, and secure the same by mortgage or mortgages on such real estate, the money to be applied to the payment of the debts remaining; to take possession of all her property, real and personal, immediately after her decease, and to keep the real estate rented in the manner most advantageous to the estate; to retain such personal property as her husband should direct, and sell the remainder in such manner as he might determine, and

apply the proceeds to the payment of debts and funeral expenses; to pay the taxes and charges against the real estate; to pay the expenses of the trust and provide and pay for the comfortable maintenance of her husband, the remainder in his hands to be applied from time to time to the payment of debts; after the payment of such debts, including expenses of the trust and taxes, to provide and pay for the comfortable maintenance of her husband, and expend the remainder in his hands as her husband directed; to permit her husband to have immediate care and management of all of her property, real and personal, so far as he might wish, her said husband to manage the same under the supervision of the trustee; to sell, reinvest any and all of her personal property in the management of the farm involved in such a manner as would be for the best interests of the trust, such buying and selling to be done by her said husband for such trustee, so far as the husband might wish; to convey and transfer all of her property, real and personal, to her said husband at any time prior to April 1, 1921, upon his demand therefor; if necessary, to sell any of her real estate for the payment of debts at such price and on such terms as to him might seem best, without bond and without report to a court for the confirmation of such sale providing that the deed of the trustee should be as effectual to convey the title as she herself could, if made while living and her husband joining. The will further provided that, unless terminated sooner, the trust should cease on April 1, 1921, if her husband be then living, at which time the trustee was directed to convey to said husband all the property in his hands in fee simple, subject to the provisions of items 2, 3, 4, 5, as above

mentioned; that it was the testatrix' wish that her husband make final disposition of the farm, and directed that he make provision by will for such disposition after her decease, so that if her husband should die while it was in the hands of her trustee, such disposition would have been provided for. It further provided that it was her purpose that, should said farm be conveyed to her husband by her trustee, he should have the right to sell and dispose of it as to him seemed best, and make such use of the same, or the proceeds thereof as he might wish, with the right to dispose of the same by conveyance or will, as to him might seem best. In the event of such conveyance to her husband upon his request, he was to carry out all of the provisions of the will and make full settlement of the estate the same as if it had been retained by her trustee.

Said testatrix and her husband, Jacob Maynard, were for many years residents of Madison county, Indiana, and each died therein. Upon the death of said testatrix, appellant Alvis F. Hancock, named as trustee in said will and to whom the decedent's property, including the real estate involved, had been devised and bequeathed, took possession of such property under the terms of said will and continued to hold the same and still holds it. During the lifetime of said Jacob Maynard, who died January 14, 1917, the said trustee carried out all the terms of said will as to the support and care to be given to said Jacob Maynard and conferred with him and acted with him in the management of said trust, and said Jacob Maynard did not at any time demand or receive possession of said real estate, or the conveyance thereof to himself or any other person, and did not make any will

providing for the disposition thereof. Appellee Ira
Williams was appointed administrator of the estate,
and appellant Alvis F. Hancock qualified as the
executor of the said will of Martha J. Maynard, de-
ceased. Both estates are still pending settlement in
the Madison Circuit Court, and the said Alvis F. Han-
cock as such trustee has filed his report showing in
detail the facts concerning his appointment, posses-
sion of the property and his acts and doings as such
trustee; that all debts of the said Martha J. Maynard,
deceased, have not been fully paid; that the heirs of
Jacob Maynard, deceased, and the administrator of
said estate are claiming a title and interest in the real
estate involved in this action, and that he was unable
to determine to whom the same would properly belong
when the trust was settled, praying the direction of
the court. It is further averred in the said plea in
abatement that the title in fee simple in said real
estate was in said appellant Alvis F. Hancock by the
terms of the will, and that it could only be vested in
some other person or persons who might be entitled
to receive the same by the conveyance of such trustee
by virtue of the order of the court having the sole and
exclusive jurisdiction of the trust; that the Madison
Circuit Court was the sole and only court having jur-
isdiction and that it does have sole and exclusive jur-
isdiction over the settlement of said trust; that there-
fore the superior court had no jurisdiction; that ap-
pellees have no right, title or interest in the real
estate involved, except as heirs at law of Jacob May-
nard, deceased, or as administrator of his estate; that
said Jacob Maynard took and accepted under the
terms of the will of his said wife, Martha J. Maynard,
deceased, receiving the care, attention, support and

maintenance provided for in said last will and testament from the time of her death to the day of his death; that he never repudiated said will and never elected to take under the law, but by his acts, not having elected to take under the law, he took under the terms of the will, and never repudiated the same in any way, but continuously, until the time of his death, received the benefits thereof according to its provisions; and that the question as to what disposition should be made of said real estate, or to whom the trustee should convey the same, was a legal matter to be determined by the Madison Circuit Court.

It is earnestly contended by appellants that the Madison Superior Court, in which this cause was commenced, had no jurisdiction in any probate matter nor over any trust estate, citing as authority §1502 Burns 1914, Acts 1895 p. 52; but this action is neither a probate matter, nor does it involve the assumption of the jurisdiction of the trust estate. The action is a civil action for the partition of real estate and to quiet the title thereto. It is expressly provided in §1502, *supra,* which governs in this case, that superior courts shall have original and concurrent jurisdiction with the circuit courts in all civil cases. It is provided in such section that the superior court shall not have jurisdiction in matters of probate nor in the settlement of decedents' estates. Such matters are properly with the circuit courts, and in the event of the sale of the real estate involved for the purpose of making assets to pay the debts of the decedent, Martha J. Maynard, or in the event of the sale of such real estate for the purpose of paying the debts of Jacob Maynard, deceased, the jurisdiction of such proceeding must be with the Mad-

ison Circuit Court. The fact that such real estate may be subject to sale for the payment of debts
2. does not defeat or affect the rights of the heirs as tenants in common to maintain partition at any time before such condition arises, and if in this case the real estate involved may become liable to sale or rent to make the assets for the payment of debts, either of Martha J. Maynard or Jacob Maynard, such fact does not affect the rights of the heirs to partition, of course, subject to the right of sale for the payment of debts as aforesaid. *Weakley* v. *Conradt* (1877), 56 Ind. 430; *Douthitt* v. *Smith, Admr.* (1880), 69 Ind. 463; §1243 Burns 1914, Acts 1897 p. 125; *Clayton, Admr.,* v. *Blough* (1884), 93 Ind. 85; *Green* v. *Brown* (1896), 146 Ind. 1, 44 N. E. 805; *Tippecanoe Loan, etc., Co.* v. *Carr* (1907), 40 Ind. App. 125, 78 N. E. 1043; *Hall* v. *Gabbert* (1904), 213 Ill. 208, 72 N. E. 806; *O'Keefe* v. *Behrens* (1906), 73 Kan. 469, 85 Pac. 555, 8 L. R. A. (N. S.) 354, 9 Ann. Cas. 867; *O'Brien* v. *Mahoney* (1901), 179 Mass. 200, 60 N. E. 493, 88 Am. St. 371; *Garrett* v. *Colvin* (1899), 77 Miss. 408, 26 South. 963; *O'Brien* v. *Ash* (1902), 169 Mo. 283, 69 S. W. 8; *In re Reifsnyder's Estate* (1906), 214 Pa. 637, 63 Atl. 1075; *Hinman* v. *Hinman* (1905), 126 Wis. 191, 105 N. W. 788. There was no error in sustaining the demurrer to the pleas in abatement.

It is next contended by the appellants that the court erred in overruling the motion for a new trial and, under this head, the errors properly presented are that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law. The evidence in this cause consisted of an agreed statement of facts which was in substance the same as averred in the pleas in abate-

ment, the substance of which has been heretofore set out, and which we do not need to repeat. The substantial question involved is as to whether the title to the 160 acres mentioned in item 6 of the will of Martha J. Maynard, deceased, under the terms of the will, is in the appellees as the heirs at law of Jacob Maynard, or in the appellants as the heirs at law of Martha J. Maynard, deceased. In the construction of the will of Martha J. Maynard, we must keep in mind some well-established principles.

The law does not favor and will avoid, whenever the same can be done, partial intestacy, the presumption being that the testator, having his attention upon his entire estate, intended to make disposition of the whole, and that he did so dispose of it. *French* v. *French* (1915), 58 Ind. App. 621, 108 N. E. 786; *Leet* v. *Block* (1914), 182 Ind. 271, 106 N. E. 373; *Skinner* v. *Spann* (1911), 175 Ind. 672, 93 N. E. 1061, 95 N. E. 243.

The law favors the construction of a will that disposes of the property devised or bequeathed in the manner in which the law would have disposed of it had the deceased died intestate. In the case at bar, had the testatrix died without disposing of the fee simple of the real estate involved— in other words, had she died intestate as to the fee simple of said real estate—the same would have descended to her husband as the sole heir at law, there being no children or descendants of children. *Sigler* v. *Shelley* (1914), 56 Ind. App. 685, 105 N. E. 403; *Griffen* v. *Ulen* (1894), 139 Ind. 565, 39 N. E. 254.

In the construction of a will, where the same is in

any way ambiguous, all the circumstances surrounding the parties and the estate may be taken into

5.     consideration in determining the real intention of the testatrix, and in this case we may take into consideration that Martha J. Maynard at the time of the execution of the will had no children, but had a husband and brothers and descendants of deceased sisters; she had no father or mother; that she and her husband had lived together many years, during which time the property involved had been accumulated; that the kindly expression of the will clearly indicates the most affectionate feeling on the part of the testatrix for her husband and that her primary desire was for his care, support and comfort; that she had by items 2, 3, 4 and 5 of her will provided for the brothers and descendants of deceased sisters, appellants herein, but that, even in these provisions, she remembered first her husband by giving to him a life estate in the real estate, the fee simple of which was given respectively to the appellants; that, by the law, had Martha J. Maynard died intestate, the fee simple of the real estate would have vested directly in Jacob Maynard. Under the circumstances aforesaid, if it can be done consistently, the will should be so construed as to vest in him or his heirs the fee simple of the real estate involved. *Sigler* v. *Shelley, supra; Jackson* v. *Hoover* (1866), 26 Ind. 511; *Brookover* v. *Branyan* (1916), 185 Ind. 1, 112 N. E. 769; *Conover* v. *Cade* (1916), 184 Ind. 604, 112 N. E. 7. In the case of *Canfield* v. *Canfield* (1902), 118 Fed. 1, 55 C. C. A. 169, the testator, who was a young man, unmarried, and possessed of a considerable estate, had no near relatives, except a young brother, not then of age, who had become somewhat

dissipated. After making minor bequests, he devised and bequeathed all the residue of his estate to an uncle, " 'in trust for the use and benefit of my brother.' " The will provided that the uncle should control and manage the property, paying to the testator's brother such sums from time to time, as he should deem best until the latter became of age, when, if " 'my said uncle shall think it best, in his judgment and discretion, to pay over and deliver to my said brother all my bequests to my brother, * * * I hereby authorize and direct him to do so.' " If the uncle did not then think it best to turn over the property, he was to continue to manage and control the same until such time as in his judgment and discretion he should " 'deem it prudent and proper to put the same under the management and control of my said brother * * *.' " No provision was made for the disposition of the property in the contingency of it not being turned over to the testator's brother. In that case it was held that, reading the will in the light of the existing circumstances, it was clearly the intention of the testator to vest the estate in his brother, subject to the right of the trustee under the discretion given to him to withhold the use and enjoyment of it, and that, on the death of the brother, the property which had not been turned over to him vested in his heirs, and did not revert to the estate of the testator.

In *Boraston's Case* (1793), 2 Coke (Pt. 3) 16, the devise was to Thomas Embry and wife for eight years next after testator's decease, after that time the remainder to the executors until such time as Hugh Boraston should accomplish the full age of twenty-one years, the mesne profits to be by execu-

tors used in the performance of testator's will, when said Hugh should come to the age of twenty-one years, then the will provided that he should enjoy the land to him and his heirs forever. Hugh died at nine years of age, and it was adjudged that the heir of Hugh should hold the land "into which he would have entered into at the time said Hugh would have attained his age" against the heir of the testator.

In *Goodtitle* v. *Whitby* (1757), 1 Burr 228, the testator had devised lands to H and B and the survivor in fee, in trust, to lay out the profits in the support of his nephews Thomas and John Hayward, and when, and as soon as, they should respectively attain their ages of twenty-one, then to the use of said Thomas and John and other heirs equally. Thomas died under age and without issue; and in a controversy between the heir of the testator and John, who was the heir of his brother, Thomas, the court decided that this was an immediate gift to the two nephews, with the trust to be executed for their benefit during their minority, and that Thomas' arrival at the age of twenty-one was not a precedent condition to the vesting of the estate in him.

*Hunt* v. *Moore* (1811), 14 East 601, was one of an immediate devise, in which it was decided that the devise to A in fee when he attains the age of twenty-one years, and if he dies before he attains the age of twenty-one, then over, does not make the devisee attaining age a condition precedent to the vesting of any interest in him, but it is a condition subsequent upon which the estate is to be divested.

In *Sill's Appeal* (1855), 1 Grant Cas. (Pa.) 235, the testatrix bequeathed all her property, real and per-

sonal, after payment of debts to a trustee, to collect rents and dividends and to pay one-half thereof to her granddaughter for her separate use, and to divide the other half equally among the children of such granddaughter. It was held that the one-half of the equitable title of the property was vested in the granddaughter and that her estate passed to her husband upon her death absolutely as to the personal property, and a life estate in the realty.

In the case of *Masterson* v. *Townshend* (1890), 123 N. Y. 458, 25 N. E. 928, 10 L. R. A. 816, W died seized in fee of certain real estate, the will devising the same to his executor in trust to pay the specified annuity therefrom to his wife so long as she remained unmarried and the balance to his brother P. If the brother and executor deemed advisable, they were authorized to sell the real estate and make a deed therefor, and to pay the annuity specified to the wife; at the death of the wife or at her marriage the proceeds were directed to be paid to P. There was no sale of the real estate made and the widow remarried. Her heir at law, claiming an undivided interest, brought suit, and it was held that the provision in the will was in effect a devise by implication to P. on the death of the testator, and he became then vested with the title, subject only to the trust provisions made for the widow, and that the widow's heirs at law had no interest in the premises.

In the case of *Matter of Vowers* (1889), 113 N. Y. 569, 21 N. E. 690, it was held that, although a gift by express terms is not made by a will, the legacy by implication may be upheld where the words of the will leave no doubt of the testator's intent, and can have no other reasonable interpretation.

In 1 Perry, Trusts (6th ed.) §150, it is said that whether the conveyance was intended to convey a beneficial as well as a legal estate is sometimes a matter of presumption by the court from all the circumstances of the case, and sometimes it is expressed upon the instrument itself in such a manner that no doubts can arise. Section 151, 1 Perry, Trusts (6th ed.) states that no general rule can be stated that will determine when a conveyance will carry with it a beneficial interest and when it will be construed to create a trust; but the intention is to be gathered in each case from the general purpose and scope of the instrument.

The trustee takes only so much of the legal estate as is necessary for the carrying out of the trust. *French* v. *French, supra,* 628; and where one is

6.  holding lands in trust for a beneficiary, at the death of such beneficiary the trust ceases, and the estate and the title as between such trustee and the beneficiary and his heirs is no longer vested in the trustee. *Fulton* v. *Carey* (1858), 10 Ind. 570; *Hooper* v. *Felgner* (1894), 80 Md. 262, 30 Atl. 911; *Bradstreet* v. *Kinsella* (1882), 76 Mo. 63; *De Kay* v. *Irving* (1846), 5 Denio (N. Y.) 646; *Hotchkiss* v. *Elting,* 36 Barb. (N. Y.) 38.

In the light of the foregoing authorities and principles of law, we undertake to determine the rights of the parties involved in this controversy. We regret to say that so much of appellee's argument is used in vituperation and abuse of the appellant, trustee, that it loses its force and is not helpful. The question of law presented is a legitimate question that has not been easy to determine, and it was en-

tirely proper for the appellants to seek a determination of the question, not only in the superior court of Madison county, but as well in the Appellate Court.

The testatrix, after making specific devises to her brothers and the descendants of her deceased sisters, by item 6 of her will devised the residue of her property, including the real estate involved in this action, to her brother, appellant Alvis F. Hancock, as trustee, to be held by him in trust for the uses and purposes, and subject to the conditions thereinafter set out. She then directed that in the management of the farm he should be directed by the husband, and that the husband should have the control and management thereof, should prescribe what stock should be sold and what should be purchased, and then further directed that the trust under the will, unless sooner terminated, should cease on April 1, 1921, if her said husband be then living, at which time the trustee was directed to convey such real estate to her husband in fee simple. She further directed her trustee to convey such real estate to her husband at any time prior to April 1, 1921, upon his demand therefor. She then requested her husband to make final disposition of the farm by will, after her decease, so that, should he die while it was in the hands of the trustee, such disposition would have been provided for, and stated that it was her purpose that, should such land be conveyed to her husband as above provided, he should have the right to sell and dispose of the same as to him might seem best, and to make such use of the farm and the proceeds thereof as he might wish.

We can reach no other conclusion than that it was

the full intent of the testatrix that her husband Jacob
Maynard should have the full benefit of the real
estate in controversy, and that, while by the
direction of the will the legal title was con-
veyed to the trustee, the equitable title was clearly
in the husband. At the latest, under the terms of the
will, the legal title could not remain in the trustee
longer than April 1, 1921. Under the foregoing
authorities, the trustee took only such title as was
necessary to carry out the terms of the trust. Upon
the death of the beneficiary the trust estate termin-
ated and the legal title, as well as the equitable title,
descended to the heirs of the beneficiary, Jacob May-
nard. With this view of the law, the decision of the
trial court is sustained by sufficient evidence, and is
not contrary to law.

The judgment is affirmed.