LEVERING ET AL. *v.* LEVERING.

[No. 13,080. Filed July 20, 1928. Rehearing denied October 26, 1928. Transfer denied December 13, 1928.]

*Addison K. Sills*, for appellants.

*Stuart, Sims & Stuart* and *Fraser & Isham*, for appellee.

REMY, C. J.—Abraham Levering died testate, August 17, 1912, seized in fee simple of certain real estate, leaving as his only heirs at law his widow, Amelia F. Levering, two children, Guy P. Levering and Jessie F. L. Carey, and a grandson, Ernest W. Levering, the child of a predeceased son. By Item 1, the testator devised a part of the real estate to his trustee, "in fee simple, subject to the

devises and bequests hereinafter set out, and the power given in Item 2 hereof, in trust, nevertheless, for the purposes hereinafter named." It was further provided that the real estate should be held by the trustee "in trust for the sole benefit" of testator's wife so long as she should live, with directions to the trustee "to pay the taxes, insurance, reasonable repairs, and any other necessary expenses" and to deposit balance in bank subject to the disposal of testator's wife. By Item 2, the testator gave to the trustee the power to sell and convey any part of the real estate, if deemed necessary, after having had the written consent of testator's wife, the proceeds of such sale to be reinvested in real estate, and the income deposited for testator's wife's disposal as in Item 1. "But should any piece of real estate be sold which I name below in Item 9 hereof for the benefit of my grandson, Ernest W. Levering, and devised to him after the death of my wife, the proceeds of such sale shall be reinvested in real estate and the income be continued for the benefit of my wife during her lifetime; and at her death I devise said real estate so purchased as aforesaid in fee simple to my grandson Ernest W. Levering." By Item 9 it is provided: "Upon the death of my wife, Amelia F. Levering, I devise in fee simple to my grandson, Ernest W. Levering, his heirs and assigns . . . (the real estate here in question)." By Items 10, 11 and 12, the testator devised the remainder of his real estate to his son Guy P. Levering and his daughter Jessie F. L. Carey, providing in each instance that the devise was "upon the death" of his wife. The question presented by this appeal will not require consideration of other items of the will.

On May 28, 1919, which was some years after the will was probated, testator's grandson, Ernest W. Levering, died testate, unmarried and without issue, leaving appellee, his mother, as the sole beneficiary under his will.

Thereafter, claiming that her son, Ernest W. Levering, as beneficiary under the will of Abraham Levering, had died the owner of certain real estate and personal property the title to which, upon the son's death, and by the terms of his will, had been transmitted to her, appellee commenced this suit against Guy P. Levering, trustee under the will of Abraham Levering, Jessie F. L. Carey and Frank Carey, husband of Jessie F. L. Carey. The complaint is in two paragraphs, the first to quiet title to the real estate, the second to recover certain money, including the rents and profits of the real estate which had accrued after the death of Amelia F. Levering.

Trial resulted in a finding and judgment for appellee, quieting her title to the real estate, and for the rents and profits as prayed in her second paragraph of complaint.

The facts are not in dispute. The questions presented by this appeal involve the construction of the will, particularly Items 1, 2, 9 and 13. The question is whether Ernest W. Levering, upon the death of Abraham Levering, took a transmissible interest in the real estate referred to in Item 9. If he did, the judgment must be affirmed.

It is contended by appellants that, by the terms of the will, the entire estate in the lands of testator was, at the time of testator's death, vested in the trustee, to be held during the life of the trust; that since the entire estate was vested in the trustee, nothing remained to vest in Ernest W. Levering; and that, therefore, whatever right he took under the will was contingent on his being alive at the time of the death of his grandmother, Amelia F. Levering; that he having died prior to that time, he at no time had any interest in the real estate which he could transmit by will or otherwise. In support of this interpretation of the will, appellants place their chief reliance upon the use of the words "in fee simple" in Item 1. It is argued that the use of these

words by the testator makes necessary the construction for which they contend. Our conclusion is otherwise. The words "in fee simple" must be read in connection with the words which follow. The devise to the executor as trustee was expressly made "subject to the devises and bequests hereinafter set out," and among the devises so "set out" is the devise to Ernest W. Levering of the real estate here in controversy. The devise in Item 1 was also made subject to "the power given by Item 2 hereof, in trust, nevertheless, for the purposes hereinafter named." The "power" referred to is the power of sale given to the trustee. If the testator, by Item 1, had intended to vest in his trustee the entire estate as contended by appellants, then it must follow that the granting of a power of sale in Item 2 was superfluous. On the other hand, if Abraham Levering intended by Item 1 to give to his trustee an estate in the land for the life of his wife, the granting of the power of sale, conditioned upon getting her written consent, was a logical provision. Furthermore, as to a testamentary trust, it is a well-established general rule of construction that the language used in creating the trust estate will be limited to the purpose of its creation. In other words, in determining the character of an estate devised in trust, it is the purpose of the trust, and not the language of the will, that is the controlling factor. As was well stated by the United States Supreme Court in *Young* v. *Bradley* (1879), 101 U. S. 782, 25 L. Ed. 1044: "The doctrine is well settled that, whatever the language by which the trust estate is vested in the trustee, its nature and duration are governed by the requirements of the trust. If that requires a fee-simple estate in the trustee, it will be created, though the language be not apt for that purpose. If the language conveys to the trustee and his heirs forever, while the trust requires a more limited estate either in quantity or duration, only the latter will vest." In dis-

cussing the same rule, the Supreme Court of Tennessee, in *Ellis* v. *Fisher* (1855), 35 Tenn. (3 Sneed) 231, 65 Am. Dec. 52, uses the following language: "The established doctrine is that trustees take exactly that quantity of interest which the purposes of the trust require. The question is not whether the testator (or grantor) has used words of limitation, or expressions adequate to carry an estate of inheritance; but whether the exigencies of the trust demand the fee-simple, or can be satisfied by any, and what, less estate. And, therefore, a devise to trustees may be either restricted or extended, as the nature and purpose of the trust require. Although the devise be expressly to the trustees and their heirs, it is well settled that, if the duties imposed on them, or the purposes of the trust, require only an estate *pur autre vie*, to be vested in them, their legal interest will be cut down to that extent, notwithstanding the express limitation to them in fee." To the same effect, see *Doe* v. *Considine* (1867), 6 Wall. 458, 18 L. Ed. 869; *Smith* v. *Metcalf* (1858), 38 Tenn. (1 Head) 64; *Coulter* v. *Robertson* (1852), 24 Miss. 278, 57 Am. Dec. 168; Perry, Trusts (6th ed.) §312. See, also, *French* v. *French* (1915), 58 Ind. App. 621, 628, 108 N. E. 786; *Hancock, Trustee,* v. *Maynard* (1920), 72 Ind. App. 661, 126 N. E. 451.

A further argument advanced by appellants in support of their contention as to the force of the words "in fee simple," as used in Item 1, is that the power given to the trustee by Item 2 to sell and convey the real estate implies that the entire estate in the lands was vested in the trustee. However, it is not the law, as assumed by appellants, that to enable one to convey the fee simple title to real estate, it is always necessary that he have the fee simple. It has many times been held, and is well settled, that one to whom has been devised a life estate in land, coupled with a power to sell and convey, may convey the fee. *Dunning* v.

*Vandusen* (1874), 47 Ind. 423, 17 Am. Rep. 709; *Wiley* v. *Gregory* (1893), 135 Ind. 647, 35 N. E. 507; *Rusk* v. *Zuck, Admr.* (1897), 147 Ind. 388, 45 N. E. 691, 46 N. E. 674; *Hall* v. *Grand Lodge, etc.* (1914), 55 Ind. App. 324, 103 N. E. 854. In such cases, the courts hold that the express devise for life negatives the intention to give the absolute title, and converts the words confirming a right of disposition into a mere power. If a life tenant may be empowered by the testator to convey the fee, certainly a testamentary trustee, who is given an estate in land for the life of another, may be so empowered. It is to be observed that the testator, in giving to his trustee the power to dispose of the real estate devised to Ernest W. Levering by Item 9, made mandatory the duty of the trustee to reinvest the proceeds in other real estate, thus preserving the identity and character of the estate.

It is also suggested by appellants that the intention of testator to vest the entire estate in his trustee, and not to vest the fee of his real estate in his children and his grandson until after the termination of the trust, is evidenced by Item 13, by which he directs that in the event of the death of either of his children or of his grandson the share of the deceased shall go to the survivors. We do not concur in that conclusion. It is to be observed that Item 13 is indefinite as to time. Testator does not say that in the event of the death of the son, daughter or grandson "after my death"; nor is there anything in the will which makes it manifest that he so intended. That being true, it will be presumed that the testator had reference to death within his own lifetime. *Fowler* v. *Duhme* (1896), 143 Ind. 248, 42 N. E. 623; *Boren* v. *Reeves* (1919), 73 Ind. App. 604, 123 N. E. 359.

We conclude that by Item 1 of his will, Abraham Levering did not devise an absolute estate in fee simple to the trustee, but an estate in trust for the life of his wife.

Although we have been considering the will with reference to the estate given to the trustee, it has been for the ultimate purpose of determining the estate devised to Ernest W. Levering by Item 9. Did he, at the time of the death of testator, take a vested or a contingent estate in the land devised to him by Item 9? If he took a vested interest, it was, of course, transmissible. The law favors that interpretation of a will which permits the estate to vest at the earliest possible moment, and, if possible, courts will construe a will so as to vest the entire estate at the time of the death of the testator (*Quilliam* v. *Union Trust Co.* [1924], 194 Ind. 521, 142 N. E. 214); and it is a legal presumption that the phrase "Upon the death of my wife," when used by a testator in the devise of a remainder, relates to the period of enjoyment of the devise, and not to the time of vesting. *Taylor* v. *Stephens* (1905), 165 Ind. 200, 74 N. E. 980. It is also a rule of construction that a remainder will not be construed as contingent, if it can be construed as vested. *Hardy* v. *Smith* (1919), 71 Ind. App. 688, 123 N. E. 438. It is unnecessary to extend this opinion.

We hold that, upon the death of the testator, Ernest W. Levering took a vested remainder in the real estate devised to him by Item 9 of the will.

Affirmed.

Dausman, J., absent.