**410**

ESTATE OF Floyd B. FAULKERSON, deceased, and Berniece E. Faulkerson, Administratrix, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 1183.

United States District Court
N. D. Indiana,
Fort Wayne Division.

March 29, 1961.

Jerome B. Van Orman, Ft. Wayne, Ind., for plaintiffs.

Kenneth C. Raub, U. S. Atty., Ft. Wayne, Ind., for defendant.

GRANT, District Judge.

This is a suit to recover estate taxes paid on behalf of the Estate of Floyd B. Faulkerson in the amount of $22,972.44.

The facts, briefly stated, are as follows:

Floyd B. Faulkerson died testate on December 27, 1954. By the provisions of his will, his wife was to have the use, income, rents and profits of the entire estate for and during her life and upon her death, Robert and Elizabeth Faulkerson, their son and daughter, respectively, were to take the remainder interest, subject to a trust that was to terminate upon their attaining the age of 35 years. The final clause of the will gave all the rest, residue and remainder of the estate to decedent's wife.

This will was probated in the Steuben County Circuit Court and a decree was entered awarding the entire estate to the widow.

When the estate tax was paid the Administratrix claimed, as a marital deduction, one-half the value of the "adjusted gross estate". This claim was disallowed by the Commissioner of Internal Revenue and a deficiency was assessed and paid in the amount of $22,972.44. In this action plaintiff seeks a refund of this amount, plus interest.

It is the contention of the plaintiff that the decree of the Steuben Circuit Court is binding on this Court and has conclusively determined the right of the plaintiff to the marital deduction. There is a definite split of authority among the Circuits on this point.

Support for the plaintiff's position is found in Gallagher v. Smith, 3 Cir., 1955, 223 F.2d 218; Plunkett v. Commissioner of Internal Revenue, 1 Cir., 1941, 118 F.2d 644, and Nashville Trust Co. v. Commissioner of Internal Revenue, 6 Cir., 1943, 136 F.2d 148.

Authority contra can be found in Estate of Stallworth v. Commissioner of Internal Revenue, 5 Cir., 1958, 260 F.2d 760; Estate of Sweet v. Commissioner of Internal Revenue, 10 Cir., 1956, 234 F.2d 401; Pitts v. Hamrick, 4 Cir., 1955, 228 F.2d 486; Doll v. Commissioner of Internal Revenue, 8 Cir., 1945, 149 F.2d 239; Wolfsen v. Smyth, 9 Cir., 1955,

223 F.2d 111, and Daine v. Commissioner of Internal Revenue, 2 Cir., 1948, 168 F.2d 449, 4 A.L.R.2d 248.

A brief reference to the holding in certain of the above decisions would appear to be in order here.

In Gallagher v. Smith, supra, which appears to be the main case relied upon by the plaintiff, the Court qualifies the holding by stating that the State court judgment must " * * * not (be) obtained by collusion for the purpose of defeating the tax." [223 F.2d 226.]

In the case of Stallworth's Estate v. Commissioner of Internal Revenue, supra [260 F.2d 763], it is stated, "If the Alabama suit was nonadversary in character it is not binding," on the Federal Court.

Estate of Sweet, supra, held:

"While rights and interests of parties in property are created and determined by state law, an order or judgment of a state court obtained through collusion, or attended with some other badge of fraud, or entered in a nonadversary proceeding, is not binding as between one or more parties to such proceeding and the United States in respect to income or estate tax imposed by federal legislation." [234 F.2d 404.]

In the Daine case, supra, the court held " * * * it is clear that the retroactive judgments of state courts do not determine the rights of the Federal Government under its tax laws." [168 F.2d 451.]

The only Circuit that has not been cited above on this question appears to be the Seventh.

Defendant refers us to Merchants National Bank & Trust Company of Indianapolis v. United States, 7 Cir., 1957, 246 F.2d 410, as a case wherein our Circuit held such a state court decree not binding. Our interpretation of this case does not agree with defendant's. The parties in the Merchants National Bank case *had agreed* that if the state court decision had been rendered in a nonadversary proceeding it would not be binding. The 7th Circuit Court of Appeals merely determined that the state court proceeding was nonadversary. They never passed on the question present here.

" * * * both sides agree that, if the probate court final decree was entered by consent of the parties or in a nonadversary proceeding, it is not binding upon defendants in this federal estate tax litigation. It is, therefore, unnecessary for us to pass upon the validity of that proposition of law and we are relieved of any obligation to consider and reconcile a number of seemingly conflicting federal courts of appeals cases." Merchants National Bank and Trust Company of Indianapolis v. United States, supra, at page 417.

Through independent research, however, this Court discovered a 7th Circuit case that would seem to be in point. In Brainard v. Commissioner of Internal Revenue, 7 Cir., 1937, 91 F.2d 880, the plaintiff presented a duly authenticated decree of the Cook County Circuit Court and argued that this decree was conclusively determinative of the issue before the federal court.

The 7th Circuit, speaking through Justice Sparks, said,

"With due deference to that court, however, we can not accept the ruling as an expression of the judgment of the state of Illinois as to the property rights of her citizens in the interpretation of the local laws. That court's jurisdiction is limited to Cook county and there are close to a hundred other circuit courts in Illinois of equal jurisdiction which are not bound by the rulings of the Cook county circuit court. For the interpretation of the laws of Illinois, we must look to the decisions of the Supreme and Appellate Courts of that state, for their rulings are binding upon all the inferior courts of Illinois.

"It is no doubt true that the proferred decree is binding upon the parties to that suit, and it will not be appealed from, because all parties thereto are satisfied with it; but we think it can not be binding on the government, which was not a party, and which of course has no right of appeal." Brainard v. Commissioner of Internal Revenue, supra, at pages 883–884.

■ It is the opinion of this Court that the Brainard case and the cases cited above from the 2nd, 4th, 5th, 8th, 9th and 10th Circuits represent the better view, and, accordingly, we hold that the decree of the Steuben Circuit Court is not binding.

The above holding presents us with another issue. If the beneficiary of a testamentary trust that is to arise after a life estate in another attains the age at which he is to take the corpus before the trust comes into existence, due to the longevity of the intervening life tenant, does the trust lapse for want of a beneficiary and the property pass with the residue to the residuary legatee?

It is the plaintiff's contention that it does. As authority for this proposition, plaintiff cites Hancock v. Maynard, 1920, 72 Ind.App. 661, 126 N.E. 451; Levering v. Levering, 1928, 88 Ind.App. 374, 162 N.E. 448; Trustees of Presbyterian Church of LaPorte, Ind. v. Katsianis, 1922, 78 Ind.App. 406, 134 N.E. 684; Shriver v. Montgomery, 1914, 181 Ind. 108, 103 N.E. 945; Fisher v. Harrison, 1935, 165 Va. 323, 182 S.E. 543, 104 A.L.R. 102; French v. Heywood, 1913, 214 Mass. 582, 102 N.E. 271 and Carey v. White, 1955, 126 Ind.App. 418, 126 N.E. 2d 255.

None of these cases are in point. In each of them, with the exception of Fisher v. Harrison, supra, the gift in trust was held to have lapsed *because of the death of the beneficiary*. That is not the case here. In Fisher v. Harrison, supra, the gift in trust lapsed due to the ambiguity and uncertainty of the language used and for this reason it is not in point either.

■ In the instant case the children had merely attained the age at which they were to take the corpus of the trust. This does not cause the trust to lapse for want of a beneficiary. At most it makes the trust "passive" or "dry", since all of the active duties of the trustee have been performed, i. e., the property withheld until the beneficiaries reached the age of 35. See Jackson v. Pillsbury, 1942, 380 Ill. 554, 44 N.E.2d 537. No Indiana authority directly in point has been found but Indiana does recognize this principle of law. See 28 Indiana Law Encyclopedia Trusts § 98, pp. 564–565; Burns' Indiana Statutes Annotated, § 56–609, and Allen v. Craft, 1887, 109 Ind. 476, 9 N.E. 919.

It is clear to this court that the will of Floyd B. Faulkerson, which was drawn on April 6, 1931, intended to create an active trust of his estate for the benefit of his two children until they should attain the age of 35 years. It is equally clear that it was the intent of Mr. Faulkerson to give only a life estate to his wife. The fact that the children attained the age of 35 years prior to testator's death in no way changed his intentions. The result of this fact is merely to change the trust for the benefit of the children to a "passive" trust. Upon the eventual demise of his widow the property passes to the trustee for an instant only and then on to the beneficiaries. Allen v. Craft, supra.

This Court holds that the Estate of Floyd B. Faulkerson was not entitled to the marital deduction it claimed and that the Commissioner was correct when he disallowed this deduction and assessed the deficiency.

It is therefore, the considered judgment of this Court that the law is with the defendant and against the plaintiff, that plaintiff take nothing by way of his complaint and that plaintiff bear the costs of this action.